FILED
2017 Apr-07 PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No.: 2:17-CR-030-VEH-TMP-1 |
| ) | |
| VAUGHN ALEXANDER ) | |
| CROPPER, ) | |
| ) | |
| Defendant. ) | |

## Memorandum Opinion and Order

This matter is set for trial beginning April 10, 2017. On April 6, 2017, the court held a hearing at the joint request (doc. 14) of counsel for the Government and counsel for the Defendant. Counsel for the Government was present, as was the Defendant, appearing in his self-styled "proper person" of Vaughn Alexander El. Also present was appointed counsel for the Defendant, Kevin Butler, the Public Defender for the Northern District of Alabama. Counsel for the Defendant stated that his client preferred to be addressed as Mr. El. Accordingly, at the hearing, the Court addressed the Defendant as "Mr. El". The Court also has used the terms "the Defendant" and "Mr. El" interchangeably throughout this Memorandum Opinion and Order.

### I. THE FARETTA ISSUE

**A. Proceedings before Magistrate Judge Putnam**

Based upon a determination that the Defendant was entitled to appointed counsel (see Minute Entry dated 2/4/2017; see also Financial Affidavit (doc. 4 dated 2/4/2017) the Federal Public Defender ("FPD") was appointed on February 4, 2017, to represent the Defendant on the single charge against him in the one-count indictment: felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (See doc. 1, Indictment). On March 10, 2017, counsel for the Defendant filed a Motion for Hearing To Clarify Representation (doc. 11, filed 3/10/2017), based upon "communications from Mr. Cropper [to the FPD] indicating that he wishes to represent himself in this matter" necessitating "a Faretta inquiry ... to clarify whether Mr. Cropper wishes to waive his right to counsel in this matter and to determine whether Mr. Cropper is knowingly and voluntarily waiving that right." (Doc. 11). In response to that Motion, a Faretta hearing was held on March 22, 2017, before Magistrate Judge T. Michael Putnam.[1] That same day, Judge Putnam entered an Order (Text Order, doc. 13) "granting 11 Motion for hearing to clarify representation as to Vaughn Alexander Cropper (1); defendant refused to waive right to counsel, FPD shall continue to represent defendant in all further proceedings."

---

[1] This type of hearing or inquiry is named after the case entitled Faretta v. California, 422 U.S. 806 (1975), in which the Supreme Court held that criminal defendants have a constitutional right to refuse counsel and represent themselves in criminal matters.

**B. Yesterday's Proceedings**

The day after the <u>Faretta</u> hearing and Judge Putnam's Order (doc. 13), the parties filed a "Joint Request for Status Conference" (doc. 23). The Joint Request is set out in full below.

> Comes now Vaughn A. Cropper, by and through Kevin L. Butler, and the United States, by and through Gregory Dimler, and jointly request a status conference in this matter. In support of this request the parties state:
>
> 1) Mr. Cropper is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). See Docket Sheet #1.
>
> 2) Trial is presently scheduled for April 3, 2017.
>
> 3) Though the parties have engaged in good faith negotiations, as of the filing of this pleading, a plea agreement has not been reached.
>
> 4) Mr. Cropper has also advised defense counsel that he wishes to represent himself. However, at a March 22, 2017 hearing to clarify the status of his representation no information was presented to the Court that would satisfy the requirements of <u>Faretta v. California</u>, 422 U.S. 806 (1975).[fn 1]. <u>See</u> Docket Sheet 11–13. Consequently, the Office of the Federal Public Defender was not relieved and stands ready to proceed forward.
>
> FN 1. Based upon principles adopted by the "Sovereign Citizen Movement", though Mr. Cropper appears to want to represent himself, he does not accept the Court's jurisdiction and would not waive his right to counsel (or any other rights).
>
> 5) Because of Mr. Cropper's unique views regarding the propriety of this proceedings and the fact his views may make the trial and future litigation in this matter unique, both parties believe a status conference will assist the court in effectively and efficiently utilizing its resources.

> 6) To further assist the Court in addressing potential procedural issues, the parties also request Mr. Cropper's presence.
>
> For the reasons set forth above, the parties request a status conference be scheduled at the Court's convenience.

The undersigned granted the request (doc. 16, entered 3/27/2017) and set the requested hearing for yesterday.

Although the Defendant had already attended one <u>Faretta</u> hearing before Judge Putnam, at the hearing yesterday, the Court engaged in an extensive inquiry with the Defendant during which he consistently and repeatedly stated that he did not want counsel, and that only he was authorized to speak for the Defendant. He made such statements both before and after the court warned him about the dangers of proceeding without counsel, including potential loss of his Fifth Amendment right not to testify, explained to him the rules he would be expected to operate within (which the Court further explained at the Defendant's request), explained the stages of trial, what the Government would have to prove beyond a reasonable doubt in order for a jury to convict him, explained what he would have to prove by a preponderance of the evidence if he wished to pursue a "necessity" defense, and explained the maximum penalties that could apply to him upon his conviction, including the potential enhanced penalties under the Armed Career Criminal Act.

The Court found and finds that the Defendant has knowingly, intelligently, and voluntarily waived his right to counsel, that he understands the charge against him, what the Government would have to prove to obtain a conviction, what he would have to prove if he chooses to pursue a necessity defense, what rules of evidence and conduct will be applicable at trial, the dangers of crossing the line from acting as his own attorney into testifying and thereby waiving his Fifth Amendment right against self-incrimination, the stages of the trial proceedings before him, and the maximum penalty he could face upon his conviction. Accordingly, the Court **RELIEVED** the FPD of its appointment as counsel for Defendant but **ORDERED** the FPD to remain available as standby counsel.[2]

## OTHER MATTERS

**A. The Role of Standby Counsel**

The Defendant and "standby" counsel must understand and adhere to the

---

[2] The Court notes that counsel for the Government and for the Defendant have completed their anticipated pretrial tasks, including filing: Government's Trial Brief (doc. 21), Government's Proposed Jury Instructions (doc. 22), Government's Witness List (doc. 23), Government's Exhibit List (doc. 24), Government's Proposed Voir Dire (doc. 25), and Government's filed its Notice of Intent To Use Expert Testimony (doc. 31), Defendant's Notice Regarding Necessity Defense (doc. 26), Defendant's Motion in Limine under *Old Chief* (addressed below) (doc. 27), and Defendant's Proposed Voir Dire (doc. 28). Further, the FPD stated at the hearing that a complete copy of all discovery provided to that office would be delivered to the Defendant no later than today. The FPD is hereby **ORDERED** to deliver to the Defendant, no later than today, complete copy of all discovery in this matter provided to that office.

following:

1. "Standby" counsel has stated that he is fully prepared for trial and shall remain so, so as to be able to take over the defense of the case whenever requested by the Defendant or ordered by the court;

2. The Defendant may be assisted by "standby" counsel in preparing and submitting additional voir dire questions and/or jury charges, if so requested by the Defendant;

3. Prior to trial, "standby" counsel shall meet with the Defendant and answer questions the Defendant might have about trial preparation, suggested strategy, or applicable rules of court;

4. "Standby" counsel is NOT required to pull and copy cases or statutes, or to do research as directed by the defendant. "Standby" counsel is acting in a purely advisory capacity before trial;

5. At trial, "standby" counsel shall sit behind the Defendant and be available to answer questions from the Defendant during any recess and before or after trial each day, and he shall be ready to take over the defense of the case whenever requested by the Defendant or ordered by the court;

6. The Defendant will be expected to speak for himself during court

proceedings unless or until the Defendant requests or the court orders "standby" counsel to take over the defense;

7. The Defendant will NOT be allowed to present a hybrid defense where both he and counsel speak for the defense. Once the Defendant requests counsel to question a witness or argue or otherwise speak on his behalf, "standby" counsel becomes trial counsel and will remain trial counsel through the remainder of the trial, with all the·attendant responsibilities of trial counsel;

8. Because "standby" counsel has been appointed by the court to fulfill specific duties, he is not subject to dismissal by the Defendant.

**B. The <u>Old Chief</u> Motion in Limine**

At the hearing yesterday, the Court granted the Defendant's counsel-filed and unopposed Motion in Limine (doc. 27). Accordingly, and consistent with <u>Old Chief v. United States</u>, 519 U.S. 172 (1997) and its progeny, provided that the Defendant stipulates at trial that he had a prior felony conviction prior to the date referenced in the Indictment, the Government shall not refer to or introduce evidence relating to the number or specifics of any prior convictions of him or the number or specifics of any pending felony charges against him other than the charge in this case. Moreover, the Indictment and any evidence (such as tape

recordings) in this case shall be redacted to comply with this Order. **However, the Defendant is expressly warned hereby that, if he fails to stipulate at trial to a prior felony conviction as set out above,[3] or if he chooses to exercise his Constitutionally-guaranteed right to testify in this trial, he will have opened the door for the Government to offer such otherwise-prohibited evidence.**

C. Service of Order

The Clerk of the Court is **DIRECTED** to serve a copy of this order upon all counsel of record in this matter and upon the defendant at the County Jail where he is detained pending trial.[4]

**DONE** and **ORDERED** this the 7th day of April, 2017.

*[signature]*
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[3] At the hearing, both the FPD and Mr. El stated that the Defendant would so stipulate at trial.

[4] At the hearing, upon questioning by the Court, and consistent with representations made by Mr. El in his Affidavit of Fact - Writ of Abatement (doc. 29), Mr. El unequivocally stated that the bond (doc. 5) in not binding upon him. He also stated (combining his oral statements in court with those contained in the Affidavit - Writ) that he did not want to be present for trial and that the Court had to respond in the manner stated in that Affidavit - Writ or the case would be dismissed. Accordingly, the Court determined that the Defendant was a flight risk, revoked bond, and ordered that he be taken into custody by the United States Marshal.